UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10961-RGS

KYLE JOSEPH THEODORE ALLEYNE,

v.

ROSA GONZALEZ
DANIEL RUDOLPHO GONZALEZ

ORDER

July 27, 2022

STEARNS, D.J.

"It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case."). Although in plaintiff Kyle Alleyne's form Complaint he alleges both federal question and diversity jurisdiction, it is apparent the court has neither.

A review of the Complaint reveals no federal question jurisdiction over Alleyne's claims against defendants Rosa Gonzalez and Daniel Rudolpho Gonzalez because the averments do not arise "under the Constitution, laws,

or treaties of the United States." 28 U.S.C. §1331. Rather, Alleyne pleads a state-law tort claim against his former cellmate and the cellmate's mother.

In the absence of a federal claim, this court has original jurisdiction over cases where there is "both an amount in controversy in excess of $75,000 and complete diversity of citizenship between [the] plaintiff[], on the one hand, and **all** defendants, on the other hand." *See Bearbones, Inc. v. Peerless Indem. Ins. Co.,* 936 F.3d 12, 14 (1st Cir. 2019) (citing 28 U.S.C. § 1332(a)). On the face of the complaint, there is no diversity of citizenship: Alleyne and his former cellmate both appear to be citizens of the Commonwealth of Massachusetts. Reading the Complaint generously, it appears that Alleyne and Gonzalez "had been friends prior to their incarceration dating back to about 2006" and that Gonzalez "often brags about having stabbed one of his friends to death," apparently his crime of conviction. Compl. ¶4; *see also Com. v. Gonzalez,* 90 Mass. App. Ct. 1112 (2016) (affirming Daniel Gonzalez's second-degree murder and assault and battery by means of dangerous weapon judgments and denying motion for new trial); *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010) ("In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration").

3

Accordingly, Alleyne will not be assessed the filing fee as his case must be dismissed for lack of jurisdiction.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE